# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FREUD AMERICA, INC., | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) _____ |
| | ) |
| HARBOR FREIGHT TOOLS USA, INC., | ) Demand for Jury Trial |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

This is an action for trademark infringement under 15 U.S.C. § 1114 and O.C.G.A § 10–1–450; unfair competition under 15 U.S.C. § 1125(a) and Georgia common law; deceptive and unfair business practices under O.C.G.A § 10–1–372; fraud under O.C.G.A § 23–2–55; and cancellation of a registered trademark under 15 U.S.C. § 1119.

## PARTIES

1. Plaintiff, Freud America, Inc. ("Freud"), is a North Carolina corporation headquartered at 218 Feld Avenue, High Point, North Carolina, with an executive office, including its sales and marketing departments, located at 5 Concourse Parkway, Suite 1400, Atlanta, Georgia 30328.

2. Upon information and belief, Defendant, Harbor Freight Tools USA, Inc. ("Harbor Freight"), is a Delaware corporation with its principal place of business located at 26541 Agoura Road, Calabasas, California 91302.

## JURISDICTION AND VENUE

3. This Court has jurisdiction because: (a) this is an action brought under the Trademark Laws of the United States (15 U.S.C. §§ 1051, *et seq.*), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b); (b) this action includes claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy, supplemental jurisdiction being conferred in accordance with 28 U.S.C. § 1367; (c) this is an action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332; and (d) this action involves a registered trademark and a claim for cancellation of that registration, jurisdiction being conferred in accordance with 15 U.S.C. § 1119.

4. This Court has personal jurisdiction over Harbor Freight because, on information and belief, Harbor Freight (a) has transacted business within this judicial district; and (b) has sold and/or offered to sell infringing goods to residents

of this district, and therefore has committed acts of trademark infringement, unfair competition, and deceptive and unfair business practices in violation of O.C.G.A. §§ 10–1–372 and 10–1–450 and fraud under O.C.G.A. § 23–2–55 within this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this district, and because, on information and belief, Harbor Freight transacts business within this judicial district and sells infringing goods to residents of this judicial district.

## FACTS

### Freud and its DIABLO Mark for Power Tool Accessories

6. Freud is a leader in the field of power tool accessories.

7. Since at least as early as 1996, Freud has used the trademark DIABLO continuously in the United States for power tool accessories, including saw blades.

8. Freud currently uses its DIABLO mark in connection with the advertising and sale of a wide array of power tool accessories, including circular saw blades, router bits, Forstner bits, reciprocating saw blades, sanding belts, detail sanding sheets, sanding discs, bonded cut-off wheels, bonded grinding wheels, flap discs, non-woven buffing pads, and hole saws.

9. Freud owns a U.S. trademark registration for DIABLO for "circular saw blades for power tools" (Reg. No. 2,473,559) ("Freud Registration"). The Freud Registration has become incontestable in accordance with 15 U.S.C. §§1065 and 1115(b) and, accordingly, constitutes conclusive evidence of Freud's exclusive right to use the DIABLO mark throughout the United States.

10. Freud has spent tens of millions of dollars advertising and marketing their products under the DIABLO mark.

11. As a result of Freud's extensive advertising and use of its DIABLO mark, the mark has become associated solely with Freud, and represents immensely valuable goodwill that is owned by Freud.

12. The DIABLO mark is distinctive and well known, and acquired such distinction and renown long prior to when Harbor Freight commenced any of the wrongful conduct set forth below.

**Harbor Freight's Infringing Use and Registration of DIABLO Mark**

13. Harbor Freight, like Freud, sells a wide range of power tool accessories, including circular saw blades, router bits, Forstner bits, hole saw bits, reciprocating saw blades, flap discs, diamond discs, buffing pads, and sand paper.

14. Harbor Freight competes with Freud in the market for power tool accessories and sells its products to the same types of customers to whom Freud sells its products.

15. The power tool category includes both pneumatic tools and electric tools. For example, saws, grinders, sanders, drills, nail guns, and many other types of tools can be powered either by air (making them pneumatic tools) or by electricity (making them electric tools).

16. Long after Freud began using the DIABLO mark in connection with power tool accessories, Harbor Freight began using the DIABLO mark in connection with power tool accessories, namely, air hoses for pneumatic tools and air hose reels.

17. Harbor Freight's use of the DIABLO mark is identical or very similar, both visually and phonetically, to Freud's DIABLO mark.

18. Harbor Freight features the DIABLO mark on the packaging for its products in a stylized manner that is similar to the stylized manner that Freud uses for its DIABLO mark on its products. For example, like Freud, Harbor Freight uses red and white as the primary colors on the packaging for its DIABLO air hoses and presents the DIABLO mark in a bold, forward-slanting script. Representative examples of the parties' DIABLO products are pictured below, with

one of Freud's DIABLO circular saw blades on the left and one of Harbor Freight's DIABLO air hoses on the right:



19. In addition to using the DIABLO mark, Harbor Freight also obtained a U.S. trademark registration for DIABLO for "hoses for pneumatic tools" (Reg. No. 5,167,297) ("Harbor Freight Registration"). Harbor Freight filed the trademark application that became the Harbor Freight Registration long after the July 31, 2001 registration date for the Freud Registration.

20. Freud is aware of at least one consumer who has been confused by Harbor Freight's use of the DIABLO mark, mistakenly believing that Freud was the source of one of Harbor Freight's DIABLO air hoses. On information and

1789275.1

-6-

belief, many more consumers have been similarly confused by Harbor Freight's use of the DIABLO mark.

21. On information and belief, Harbor Freight's adoption and use of the DIABLO mark in connection with air hoses for pneumatic tools and air hose reels has been with the intent to trade on the goodwill Freud owns in the DIABLO mark.

22. Harbor Freight is using Freud's DIABLO mark without Freud's consent.

23. Upon information and belief, Harbor Freight adopted, and continues to use, Freud's DIABLO mark with actual knowledge of Freud's prior rights in its DIABLO mark.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER
## 15 U.S.C. § 1114 (LANHAM ACT SECTION 32)

24. Freud re-alleges paragraphs 1–23, as if fully set forth herein.

25. Harbor Freight's unauthorized use of the DIABLO mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Harbor Freight's DIABLO products are put out by Freud, or that they are sponsored by Freud or connected or affiliated with Freud's DIABLO products.

26. Harbor Freight's use of the DIABLO mark is, upon information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

27. Harbor Freight's aforesaid acts constitute infringement of Freud's registered DIABLO trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Upon information and belief, Harbor Freight's aforesaid acts of infringement are willful and intentional.

29. Harbor Freight's aforesaid acts greatly and irreparably damage Freud, and will continue to cause damage unless restrained by this Court. Therefore, Freud is without an adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION UNDER
## 15 U.S.C. § 1125(a) (LANHAM ACT SECTION 43)

30. Freud re-alleges paragraphs 1–23, as if fully set forth herein.

31. Harbor Freight's unauthorized use of the DIABLO mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Harbor Freight's DIABLO products are put out by Freud, or that they are sponsored by Freud or connected or affiliated with Freud's DIABLO products.

32. Harbor Freight's use of the DIABLO mark is, upon information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

33. Harbor Freight's aforesaid acts constitute unfair competition, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

34. Upon information and belief, Harbor Freight's aforesaid acts of unfair competition are willful and intentional.

35. Harbor Freight's aforesaid acts greatly and irreparably damage Freud, and will continue to cause damage unless restrained by this Court. Therefore, Freud is without an adequate remedy at law.

**COUNT III**
**CANCELLATION OF TRADEMARK REGISTRATION UNDER**
**15 U.S.C. § 1119 (LANHAM ACT SECTION 37)**

36. Freud re-alleges paragraphs 1–23, as if fully set forth herein.

37. Pursuant to 15 U.S.C. § 1052(d), a party may not own a federal U.S. trademark registration for a mark that is so similar to another party's previously-registered mark that it may cause confusion, mistake, or deception when used in connection with the applied-for goods or services.

38. Harbor Freight's use of the DIABLO mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others

have assumed, and are likely to continue assuming, that Harbor Freight's DIABLO products are put out by Freud, or that they are sponsored by Freud or connected or affiliated with Freud's DIABLO products.

39. The Freud Registration registered long prior to the filing date of the Harbor Freight Registration.

40. Therefore, the Harbor Freight Registration is subject to cancellation, and this Court has authority to order cancellation pursuant to 15 U.S.C. §1119.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER
## GEORGIA CODE SECTION 10–1–450

41. Freud re-alleges paragraphs 1–23, as if fully set forth herein.

42. Harbor Freight's use of the DIABLO mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Harbor Freight's DIABLO products are put out by Freud, or that they are sponsored by Freud or connected or affiliated with Freud's DIABLO products.

43. Harbor Freight's use of the DIABLO mark is, upon information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

44. Harbor Freight's use of the DIABLO mark is without Freud's consent.

45. Harbor Freight's aforesaid acts constitute infringement of Freud's registered DIABLO trademark, in violation of O.C.G.A § 10–1–450.

46. Upon information and belief, Harbor Freight's aforesaid acts of infringement are willful and intentional.

47. Harbor Freight's aforesaid acts greatly and irreparably damage Freud, and will continue to cause damage unless restrained by this Court. Therefore, Freud is without an adequate remedy at law.

## COUNT V
### DECEPTIVE AND UNFAIR BUSINESS PRACTICES UNDER GEORGIA CODE SECTION 10–1–372

48. Freud re-alleges paragraphs 1–23, as if fully set forth herein.

49. Harbor Freight's use of the DIABLO mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Harbor Freight's DIABLO products are put out by Freud, or that they are sponsored by Freud or connected or affiliated with Freud's DIABLO products.

50. Harbor Freight's use of the DIABLO mark is, upon information and belief, committed with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

1789275.1
-11-

51. Harbor Freight's aforesaid acts constitute deceptive and unfair business practices, in violation of O.C.G.A § 10–1–372.

52. Harbor Freight's aforesaid acts greatly and irreparably damage Freud, and will continue to cause damage unless restrained by this Court. Therefore, Freud is without an adequate remedy at law.

## COUNT VI
## FRAUD UNDER
## GEORGIA CODE SECTION 23–2–55

53. Freud re-alleges paragraphs 1–23, as if fully set forth herein.

54. Harbor Freight's use of the DIABLO mark, which is identical or similar to Freud's DIABLO mark, has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Harbor Freight's DIABLO products are put out by Freud, or that they are sponsored by Freud or connected or affiliated with Freud's DIABLO products.

55. Harbor Freight's use of the DIABLO mark is, upon information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

56. Harbor Freight's aforesaid acts constitute fraud, in violation of O.C.G.A § 23–2–55.

57. Upon information and belief, Harbor Freight's aforesaid fraudulent acts are done with the intention of deceiving and misleading the public.

58. Harbor Freight's aforesaid acts greatly and irreparably damage Freud, and will continue to cause damage unless restrained by this Court. Therefore, Freud is without an adequate remedy at law.

## COUNT VII
## UNFAIR COMPETITION UNDER
## <u>GEORGIA COMMON LAW</u>

59. Freud re-alleges paragraphs 1–23, as if fully set forth herein.

60. Harbor Freight's use of the DIABLO mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Harbor Freight's DIABLO products are put out by Freud, or that they are sponsored by Freud or connected or affiliated with Freud's DIABLO products.

61. Harbor Freight's use of the DIABLO mark is, upon information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

62. Harbor Freight's aforesaid acts constitute unfair competition, in violation of Georgia common law.

63. Upon information and belief, Harbor Freight's aforesaid acts of unfair competition are willful and intentional.

64. Harbor Freight's aforesaid acts greatly and irreparably damage Freud, and will continue to cause damage unless restrained by this Court. Therefore, Freud is without an adequate remedy at law.

**WHEREFORE**, Freud asks that:

A. during the pendency of this action, and permanently thereafter, the Court enjoin and restrain Harbor Freight, its officers, directors, agents, and employees, as well as their respective successors and assigns, and all others in active concert or participation with them, from the manufacture, dealing in, marketing, sale, advertising or distribution in the United States of any and all products that bear the DIABLO mark or any confusingly similar designation, including, but not limited to, air hoses for pneumatic tools and air hose reels;

B. the Court require Harbor Freight, and all others holding by, through, or under them, jointly and severally, to:

  i. account for and pay to Freud all profits derived by Harbor Freight from their acts of trademark infringement, unfair competition and deceptive practices in accordance with 15

U.S.C. § 1117(a), O.C.G.A. §§ 10–1–450 and 10–1–451, and the laws of the State of Georgia, and Freud asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

ii. pay Freud's damages, plus interest, in an amount to be determined;

iii. pay to Freud the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and O.C.G.A. § 10–1–373;

iv. pay Freud's reasonable attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 as a result of Harbor Freight's bad faith and stubborn litigiousness;

v. deliver up for destruction any and all products, literature, advertising or other materials that bear the DIABLO mark or any other confusingly similar designation alone or in connection with other words, including, but not limited to DIABLO-branded air hoses for pneumatic tools and air hose reels in Harbor Freight's possession, in accordance with 15 U.S.C. § 1118; and

vi. enter into the record of the Court and serve on Freud an affidavit setting forth in detail the manner and form in which Harbor Freight has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116;

C. the Court order the cancellation of the Harbor Freight Registration pursuant to 15 U.S.C. §1119; and

D. such other and further relief as the Court deems just and equitable.

Dated: August 1, 2019						Respectfully submitted,

                                          **Bondurant Mixson & Elmore LLP**

                                          /s/ John H. Rains IV
                                          John H. Rains IV
                                          Georgia Bar No. 556052
                                          1201 West Peachtree Street NW, Suite 3900
                                          Atlanta, Georgia 30309
                                          Telephone: 404-881-4128
                                          rains@bmelaw.com

                                          **Pattishall, McAuliffe, Newbury,**
                                              **Hilliard & Geraldson LLP**

                                          Thad Chaloemtiarana
                                          Ashly I. Boesche
                                          Jessica A. Ekhoff
                                          200 S. Wacker Drive, Suite 2900
                                          Chicago, Illinois 60606
                                          Telephone: 312-554-8000
                                          tc@pattishall.com
                                          jae@pattishall.com

                                        **Attorneys for Plaintiff Freud America, Inc.**